UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE LEE CRISP, | No. 2: 15-cv-2466 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's May 2, 2016 motion for injunctive relief. For the following reasons, this motion is denied.

This action is proceeding on the original complaint against defendants Warden Duffy and Chief Medical Officer Clark. Plaintiff alleges that on October 12, 2015, he was assaulted by inmate Weber. Plaintiff alleges that prior to the assault, inmate Weber had mental health problem that involved acting aggressively. Plaintiff alleges that due to understaffing, inmate Weber had not been properly monitored. Plaintiff alleges that inadequate staffing caused the attack by inmate Weber.

In the pending motion for injunctive relief, plaintiff requests that the court issue an order prohibiting prison officials from removing plaintiff's legal materials from his cell. It appears that plaintiff is alleging that he has been told by prison officials that some of his legal materials must

1

1  be placed in storage.  Plaintiff alleges that many prisoners have complained about the loss of their
2  property placed in storage.  Plaintiff also complains that he has been harassed by Officer Beltram.
3  Plaintiff alleges that it is likely that Officer Beltram or one of his "buddies" will "sabotage"
4  plaintiff's legal exhibits.

5  The undersigned construes plaintiff's motion for injunctive relief as a motion for a
6  protective order.  Clearly, plaintiff's motion does not seek dispositive relief on the merits of the
7  complaint.  The motion is instead addressed to procedures that the parties must utilize in litigating
8  this case.  See United States v. Flaherty, 668 F.2d 566, 586 (1st Cir. 1981) ("A pretrial matter
9  within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated
10 at trial and not defined with respect to the time of trial." )

11 It seems likely that prison officials have requested that plaintiff put some of his legal
12 materials in storage because the amount of legal materials in plaintiff's cell exceeds the amount
13 allowed by prison regulations.  Plaintiff does not allege that prison officials have lost any of his
14 legal materials previously placed in storage.  At this point in time, plaintiff's concerns regarding
15 storing his legal materials are speculative.  The court gives wide deference to prison
16 administrators in the day-to-day operations of a prison facility.  See Bell v. Wolfish, 441 U.S. 520
17 (1979.)  For these reasons, plaintiff's request for an order prohibiting prison officials from placing
18 his legal materials in storage is denied.

19 Plaintiff's claim that Officer Beltram is likely to "sabotage" his legal exhibits is similarly
20 speculative.  Plaintiff has not alleged sufficient facts demonstrating that Officer Beltram poses a
21 threat to his ability to litigate the instant action.

22 Accordingly, IT IS HEREB ORDERED that plaintiff's motion for injunctive relief (ECF
23 No. 21), construed as a request for a protective order, is denied.

24 Dated:  May 18, 2016

25

26  
    Cr2466.inj
27
    kc
28

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE