1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OBIE LEE CRISP,                         No. 2:15-cv-2466 KJN P

12                Plaintiff,

13        v.                                 ORDER SETTING SETTLEMENT
                                             CONFERENCE
14   BRIAN DUFFY, et al.,
                                             AMENDING ECF No. 31
15                Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  On June 1, 2016, this case was referred to the Post-Screening ADR Project.

19   Parties were ordered to file their response to the attached NOTICE RE: Judge Election for

20   Settlement Conference (Post Screening ADR Project) within 30 days.  (ECF No. 25.)  Plaintiff

21   filed his response on June 14, 2016 (ECF No. 27) and defendants filed their response on July 6,

22   2016 (ECF No. 29).  Both parties filed responses indicating that they affirmatively request that

23   the assigned magistrate judge participate in the settlement conference and, further, waive any

24   claim of disqualification to the assigned magistrate judge trying the case thereafter.  A settlement

25   conference has been set in this case for November 10, 2016, at 9:00 a.m., before Magistrate Judge

26   Kendall J. Newman at the U. S. District Court, 501 I Street, Sacramento, California 95814 in

27   Courtroom #25.  (ECF No. 31.)  Parties will no longer be directed to exchange non-confidential

28
                                             1

settlement conference statements and simultaneously deliver them to the court.  The court will contact parties prior to the settlement conference to ascertain each party's expectations of the settlement conference.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The settlement conference is confirmed for November 10, 2016, at 9:00 a.m., in Courtroom #25 before Magistrate Judge Kendall J. Newman at the U. S. District Court, 501 I Street, Sacramento, California 95814.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person[1].

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

////

////

////

////

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ."  United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

4. Parties are no longer directed to exchange non-confidential settlement conference statements and simultaneously deliver a copy to the court.  Rather, Judge Newman or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

Dated:  August 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cris2466.med

kc

3